**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4274
_____

RASHID YAQOOB,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037 673 615)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2013
Before:  FISHER, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 2, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner, Rashid Yaqoob, seeks review of an order denying his motion to reopen

removal proceedings.  For the reasons discussed below, we will deny the petition for

review.

I.

Yaqoob, a native and citizen of Pakistan, was admitted into the United States as a lawful permanent resident in 1982, when he was five years old. In 2007, the Government commenced removal proceedings against him because he had sustained several controlled substance convictions. Yaqoob sought deferral of removal under the Convention Against Torture (CAT), claiming that he would be tortured if forced to return to Pakistan because: (1) he is Christian; (2) he is homosexual; and (3) he has been cooperating with the FBI by informing on members of the Muslim community where he lives. The Immigration Judge (IJ) found that Yaqoob had failed to establish that it was more likely than not that he would be tortured by, or with the acquiescence of, the Pakistani government on any of the alleged bases, and denied relief. See 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1).

In May 2012, Yaqoob filed a motion to reopen the proceedings, claiming that "his risk of being detained, interrogated, tortured, and murdered in Pakistan . . . now far exceeds the risk that he faced when he was ordered removed . . . in 2008." (AR000267.) Yaqoob explained that, although the IJ ordered his removal, he was instead released from immigration custody and placed in "deferred action" status so that he could continue to work with the FBI as a confidential informant (CI). Yaqoob alleged that he had been working with the FBI since his release from custody in 2008, during which time the Pakistani government had arrested, tortured, and murdered individuals it deemed security risks. In addition to arguing that his relationship with the FBI subjected him to a likelihood of torture in Pakistan, Yaqoob continued to maintain that he would likely be tortured on account of being Christian and homosexual. The IJ denied the motion to

reopen on the ground that the evidence Yaqoob submitted did not reflect changed country conditions material to his CAT claim. See 8 C.F.R. § 1003.23(b)(4)(i).

Yaqoob appealed the IJ's decision to the Board of Immigration Appeals (BIA),[1] and also filed a motion to remand seeking consideration of two new expert statements, several news articles, an affidavit from his former attorney, and a new I-589 application. The BIA denied the motion to remand on the ground that the materials could have been obtained earlier and submitted to the IJ with the original motion. With respect to the IJ's decision denying reopening, the BIA agreed that the materials Yaqoob submitted did not demonstrate that conditions in Pakistan had materially changed since his removal proceedings in 2008. Accordingly, the BIA dismissed the appeal.

Yaqoob, through counsel, filed a timely petition for review.

II.

A.      Motion to Remand

In his motion to remand, Yaqoob sought consideration of new evidence on the ground that he was unable to submit extensive documentation with his original motion to reopen because he filed that motion on an emergency basis when he was unexpectedly taken into custody. To the extent that some documents submitted with the motion to remand were previously available, we agree with the BIA that Yaqoob should have submitted these documents with the motion to reopen. See Huang v. Att'y Gen., 620

---

[1] Yaqoob argued before the BIA that he would also be tortured upon return to Pakistan because he would be considered a criminal deportee, and because he had married a Muslim woman in the United States in 2010.

F.3d 372, 389 (3d Cir. 2010) ("The BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as motions to reopen the record." (citations omitted)); 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). And to the extent that other documents submitted with the motion to remand were previously unavailable, we agree with the BIA that Yaqoob failed to demonstrate the documents' materiality such that remand was warranted. 8 C.F.R. § 1003.2(c)(1). Therefore, the BIA acted within its discretion in declining to consider Yaqoob's new evidence.

### B.     Motion to Reopen

A motion to reopen must be filed within 90 days of the entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day limit does not apply, however, if the basis of the motion is to apply for withholding of removal under the CAT, and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i). The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief. 8 C.F.R. § 1003.23(b)(3); see Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

4

In his brief in support of his petition for review, Yaqoob recognizes that he filed his motion to reopen out of time, but argues that he did so in reliance on the Government's misrepresentations that he was in "deferred action" status until May 2012. Yaqoob's argument seems to be that the IJ should have accepted his untimely motion because he had no reason to challenge his removal order while that order was effectively suspended. Yaqoob's explanation for his belated filing does not, however, address the statutory standard for exempting a motion to reopen from the timeliness requirements— i.e., whether country conditions had changed since the original hearing. While Yaqoob's excuse for failing to file a motion on time is certainly plausible, it is irrelevant to the inquiry under 8 C.F.R. § 1003.23(b)(4)(i).

Turning to that inquiry, we see no abuse of discretion in the agency's determination that the documentary evidence did not demonstrate materially changed country conditions. While Yaqoob correctly notes that the Department of State's 2010 Human Rights Report on Pakistan recorded several instances of torture, Yaqoob failed to demonstrate that it is more likely than not that he would be targeted for such mistreatment on the basis of any of the grounds alleged in his motion to reopen. See 8 C.F.R. § 1208.16(c)(2). Similarly, although Yaqoob submitted several reports concerning the imprisonment of the Pakistani doctor who assisted the United States in locating Osama Bin Laden, nothing in the record indicates that Yaqoob's cooperation with the FBI places him in this type of danger. Finally, to the extent that Yaqoob suggests that his more recent cooperation with the FBI puts him at a greater risk of torture

in Pakistan, this development is a change in his personal circumstances, not in country conditions.  <u>See</u> <u>Liu v. Att'y Gen.</u>, 555 F.3d 145, 150 (3d Cir. 2009).  Accordingly, the BIA did not abuse its discretion in determining that the evidence did not support reopening Yaqoob's proceedings.

III.

For these reasons, we will deny the petition for review.